UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

BOUDREAUX                                  CIVIL ACTION

VERSUS                                     NO: 14-1443

FLAGSTAR BANK                              SECTION: "J" (3)

### ORDER & REASONS

Before the Court is Defendant Flagstar Bank, FSB (Flagstar)'s **Rule 12(b)(6) Motion to Dismiss (Rec. Doc. 5)**, Plaintiff Martha Boudreaux (Boudreaux)'s opposition thereto (Rec. Doc.6), and Flagstar's reply. (Rec. Doc. 9) Having considered the motion and memoranda of counsel, the record, and the applicable law, the Court finds that the motion should be **GRANTED IN PART** for the reasons set forth more fully below.

### FACTS AND PROCEDURAL BACKGROUND

This litigation commenced when on April 30, 2014, Plaintiff filed a Petition for Damages in state court. (Rec. Doc. 1-1) In the petition, Plaintiff alleges that Defendant "engaged in a scheme to defraud, harass, and intimidate Plaintiff in an attempt to steal her home" when it negotiated the loan modification with Plaintiff, induced her to fall behind on her mortgage, and then sought to

1

foreclose on her home. Id. at 3.

Anticipating a decrease in income due to her husband's ailing health, Plaintiff sought a loan modification on her home loan in 2012. Defendant informed her that she was an ideal candidate for a loan modification because it would allow her to stop making monthly payments. Id. at 3-4. Plaintiff further alleges that on or about April 30, 2012, Defendant advised her to cease making monthly payments because it would make her more likely to qualify for the modification. Id. at 4. Defendant informed Plaintiff that she should make two trial payments of $2500, and that these payments would prevent foreclosure. Id. Plaintiff scheduled the first trial payment for May 31, 2012. Id. On or about September 2012, however, Plaintiff received "a notice that her home was headed for foreclosure" because Plaintiff had not provided the documentation necessary to receive a modification. Id. At that time, Plaintiff was behind on her mortgage payments because of the bank's suggestion that such default was necessary to obtain the modification Plaintiff sought. Id. Plaintiff's husband filed for bankruptcy on November 7, 2012, to prevent the foreclosure. Id. Plaintiff alleges that shortly thereafter she received a monthly statement from the bank that confirmed the loan modification, but informed Plaintiff that her husband would have to dismiss the bankruptcy case to process the modification. Id. at 5. Plaintiff complied with Defendant's additional requests for documentation,

but Defendant again sent Plaintiff a notice of foreclosure on February 26, 2013. Id. Subsequently, when Plaintiff attempted to make payments on her mortgage, Defendant refused to accept them, which caused Plaintiff to incur further late charges and fees on her loan. Id. at 6.

Based on these allegations, Plaintiff asserts three causes of action in her petition. First, Plaintiff states that Defendant engaged in fraud when it induced Plaintiff to enter into a loan modification agreement and to stop making payments on the mortgage contract without ever intending to provide Plaintiff with a loan modification. Id. at 5. Defendant then sought to foreclose on the home based upon Plaintiff's failure to make payments. Id. Second, Plaintiff alleges that Defendant breached its contract with Plaintiff by refusing to accept mortgage payments that Plaintiff made on the home and failing to account for all the payments that Plaintiff made on the loan. Id. at 6. Third, Plaintiff asserts that Defendant breached its implied contract with Plaintiff when it set up two trial payments with Plaintiff but then accelerated payments owed under the loan and foreclosed on the property. Id. at 7. Plaintiff contends that these actions caused her to suffer damages, attorney's fees, costs, and mental and emotional anguish. Id. at 5-7.

Defendant removed the state action to federal court on June 20, 2014, asserting bankruptcy and diversity jurisdiction. (Rec.

Doc. 1) On October 2, 2014, Defendant filed its Motion to Dismiss for Failure to State a Claim. (Rec. Doc. 5) Plaintiff opposed the motion on October 14, 2014. (Rec. Doc. 6) Defendant filed its reply on October 21, 2014. (Rec. Doc. 9)

**PARTIES' ARGUMENTS**

Defendant argues that Plaintiff's breach of contract and fraud claims should be dismissed because they are barred by the Louisiana Credit Agreement Statute (LCAS). (Rec. Doc. 5-1, p. 3). According to the LCAS, "[a] debtor shall not maintain an action on a credit agreement unless the agreement is [1] in writing, [2] expresses consideration, [3] sets forth the relevant terms and conditions, and [4] is signed by the creditor and the debtor." Id. (quoting La. Rev. Stat. § 6:1122). Defendants assert that the alleged loan modification would constitute a credit agreement between a creditor and debtor under the Act. Id. As such, Plaintiff cannot maintain an action based upon the alleged loan modification unless she shows that the agreement was reduced to writing. Id. Even if the LCAS does not bar Plaintiff's fraud claim, however, Defendant argues that it has prescribed. Id. at 6. Plaintiff's fraud claim is delictual in nature and therefore a one-year prescriptive period applies. Id. The period begins to run when the injury or damage is sustained. Here, even if the second bankruptcy filing is taken as the date of injury, then Plaintiff's fraud claim prescribed on April 10, 2014. Id. However, Plaintiff did not file her petition

4

for damages until April 30, 2014. <u>Id.</u> at 7. Defendant therefore stresses that Plaintiff has failed to make out claims for fraud or breach of contract arising from the loan modification negotiations.

Plaintiff argues that the LCAS does not apply. (Rec. Doc. 6, p. 4) Plaintiff insists that the LCAS only precludes causes of action based upon oral credit agreements. <u>Id.</u> Here, however, a written contract meeting the requirements of the LCAS exists: Plaintiff's original home mortgage loan. <u>Id.</u> at 6. Plaintiff argues that each of her causes of action—for fraud, breach of contract, and breach of implied contract—relate to that original, written agreement. <u>Id.</u> Plaintiff therefore insists that the LCAS does not bar her claims. Plaintiff further asserts that her fraud claim has not prescribed. She agrees that Louisiana's one-year prescriptive period for delictual actions applies, but disputes the date on which the period began to run. She asserts that she did not become aware that Defendant had no intention of entering the loan modification agreement and, thus, that she had been a victim of fraud, until "well after" the second bankruptcy petition. She then filed her petition for damages within one year of when she became aware of the fraudulent conduct. Plaintiff therefore urges the Court to deny Defendant's motion to dismiss.

## <u>LEGAL STANDARD</u>

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal where a plaintiff fails "to state a claim upon which relief can be

granted." FED. R. CIV. P. 12(b)(6). When considering a motion to dismiss pursuant to Rule 12(b)(6), a court must accept all well-pled facts as true and must draw all reasonable inferences in favor of the plaintiff. Lormand v. U.S. Unwired, Inc., 565 F.3d 228, 232–33 (5th Cir.2009); Baker v. Putnal, 75 F.3d 190, 196 (5th Cir.1996). The Court is not bound, however, to accept as true legal conclusions couched as factual allegations. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts "to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 570). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

In order to be deemed legally sufficient, a complaint must establish more than a "sheer possibility" that the plaintiff's claims are true. Id. The complaint must contain enough factual allegations to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiff's claim. Lormand, 565 F.3d at 255–57. If there are insufficient factual allegations to raise a right to relief above the speculative level, or if it is apparent from the face of the complaint that there is an insuperable bar to relief, however, the claim must be dismissed.

6

Jones v. Bock, 549 U.S. 199, 215 (2007); Twombly, 550 U.S. at 555; Carbe v. Lappin, 492 F.3d 325, 328 n. 9 (5th Cir.2007).

**DISCUSSION**

"The Louisiana Credit Agreement Statute operates as a 'statute of frauds' for the credit industry." EPCO Carbon Dioxide Prods., Inc. v. JP Morgan Chase Bank, NA, 467 F.3d 466, 469 (5th Cir. 2006)(quoting King v. Parish Nat'l Bank, 885 So. 2d 540, 546 (La. 2004)). The LCAS provides, "A debtor shall not maintain an action on a credit agreement unless the agreement is in writing, expresses consideration, sets forth the relevant terms and conditions, and is signed by the creditor and the debtor." LA. REV. STAT. § 6:1122. "A 'creditor' is defined in [Louisiana Revised Statute section] 1121 as 'a financial institution or any other type of creditor that extends credit or extends a financial accommodation under a credit agreement with a debtor.'" Jesco Constr. Corp. v. Nationsbank Corp., 2002-0057, p. 3 (La. 10/25/02); 830 So. 2d 989, 991. The LCAS defines a credit agreement as "an agreement to lend or forbear repayment of money or goods or to otherwise extend credit, or make any other financial accommodation." Id. (quoting LA. REV. STAT. § 6:1121). Thus, the LCAS "preclude[s] all actions for damages arising from oral credit agreements, regardless of the legal theory of recovery." Jenso Constr. Corp. v. Nationsbank Corp., 321 F.3d 501, 502 (5th Cir. 2003). Courts have applied this reasoning to bar actions for damages arising from oral forbearance or loan

7

modification negotiations or agreements regardless of the legal theory of recovery and despite the existence of a written original loan agreement.  See Hutchinson v JPMorgan Chase Bank, N.A., No. 13-5513, 2013 WL 6502848, at *3 (E.D. La. Dec. 11, 2013)(Feldman, J.); Loraso v. JP Morgan Chase Bank, N.A., No. 13-4734, 2013 WL 5755638, at *6-7 (E.D. La. Oct. 23, 2013)(Barbier, J.); Landry ex rel. Landry v. BAC Home Loans Servicing, L.P., No. 12-1046, 2013 WL 1767958, at *4 (E.D. La. Mar. 4, 2013)(Milazzo, J.).

The Court finds that the LCAS applies in this case, and that it bars Plaintiff's fraud and breach of implied contract claims. Both of these claims relate to Defendant's alleged oral assurances regarding the availability of a loan modification. Such a loan modification would constitute a credit agreement between a creditor and a debtor. See Loraso, 2013 WL 5755638, at *6. Plaintiff therefore cannot make out claims for fraud and breach of implied contract relating to the loan modification negotiations absent a written agreement. See id. at *6-7. Although Plaintiff has alleged that the modification was confirmed in a bank statement, she further alleged that the modification discussions were ongoing at that time and has not alleged that a loan modification agreement was ever reduced to writing. See, e.g., (Rec. Doc. 5-1, p. 5). Thus, the Court concludes that Plaintiff has failed to state a claim for fraud or breach of an implied contract.

By contrast, Plaintiff's breach of contract claim relates to

her original, written agreement with Defendant. Plaintiff alleges that Defendant's behavior during loan modification discussions amounts to a breach of the then-existing written contract between the parties. The LCAS therefore does not bar this claim, although Plaintiff will have to show that Defendant's behavior actually breached the original contract without reference to any assurances made during the loan modification efforts or discussions.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's *Rule 12(b)(6) Motion to Dismiss* **(Rec. Doc. 5)** is **GRANTED IN PART.**

**IT IS FURTHER ORDERED** that the motion is **GRANTED** with respect to Plaintiff's fraud and breach of implied contract claims.

**IT IS FURTHER ORDERED** that the motion is **DENIED** with respect to Plaintiff's breach of contract claim.

New Orleans, Louisiana this 29th day of October, 2014.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE