```
                   UNITED STATES DISTRICT COURT
                   EASTERN DISTRICT OF LOUISIANA


BOUDREAUX                                       CIVIL ACTION

VERSUS                                          NO: 14-1443

FLAGSTAR BANK                                   SECTION: "J" (3)
```

### ORDER & REASONS

Before the Court is Defendant Flagstar Bank, FSB (Flagstar)'s *Motion for Summary Judgment* **(Rec. Doc. 21)**, Plaintiff Martha Boudreaux's opposition thereto (Rec. Doc. 24), and Flagstar's reply. (Rec. Doc. 26) Having considered the motions and memoranda, the record, and the applicable law, the Court finds that Defendant's motion should be **GRANTED** for the reasons set forth more fully below.

### FACTS AND PROCEDURAL BACKGROUND

This litigation arises from Plaintiff's unsuccessful loan modification negotiations with Defendant, who holds the promissory note and mortgage on Plaintiff's home, and Defendant's subsequent foreclosure action against Plaintiff.[1] (Rec. Doc. 1) Specifically, Plaintiff alleges that Defendant "engaged in a scheme to defraud, harass, and intimidate Plaintiff in an attempt to steal her home" when it negotiated the loan modification with Plaintiff, induced her to fall behind

---

[1] The Court acknowledges that Defendant has not foreclosed on Plaintiff's home, and Plaintiff continues to live there. (Rec. Doc. 21-2, p. 4 n.13)

on her mortgage, and then sought to foreclose on her home. Id. at 3.

Plaintiff commenced this action when she filed a Petition for Damages in the 29th Judicial District Court for the Parish of St. Charles on April 30, 2014. Id. at 1. Plaintiff asserts three causes of action in the petition. First, Plaintiff states that Defendant engaged in fraud when it induced Plaintiff to enter into a loan modification agreement and to stop making payments on the mortgage contract without ever intending to provide Plaintiff with a loan modification. Id. at 5. Defendant then sought to foreclose on the home based upon Plaintiff's failure to make payments. Id. Second, Plaintiff alleges that Defendant breached its contract with Plaintiff by (1) refusing to accept mortgage payments that Plaintiff made on the home and (2) failing to account for all the payments that Plaintiff made on the loan. Id. at 6. Third, Plaintiff asserts that Defendant breached its implied contract with Plaintiff when it set up two trial payments with Plaintiff but then accelerated payments owed under the loan and foreclosed on the property. Id. at 7. Plaintiff contends that these actions caused her to suffer damages, attorney's fees, costs, and mental and emotional anguish. Id. at 5-7. Defendant removed the state action to federal court on June 20, 2014, asserting bankruptcy and diversity jurisdiction. (Rec. Doc. 1)

2

On Defendant's motion, the Court dismissed with prejudice all of Plaintiff's claims deriving from the failed loan modification on October 29, 2014. (Rec. Doc. 10) The Court held that the Louisiana Credit Agreement Statute prohibited Plaintiff from asserting claims in relation to the alleged loan modification agreement because the modification had not been reduced to writing. Id.; see LA. REV. STAT. § 6:1122. The Court did not dismiss Plaintiff's claim for breach of contract relating to her original mortgage agreement, but cautioned that "Plaintiff will have to show that Defendant's behavior actually breached the original contract without reference to any assurances made during the loan modification efforts or discussions." Id. at 9.

On March 24, 2015, Defendant filed the instant *Motion for Summary Judgment*. **(Rec. Doc. 21)** Defendant seeks judgment as a matter of law on Plaintiff's remaining breach of contract claim. Plaintiff opposed the motion on April 1, 2015.[2] (Rec. Doc. 24) Defendant replied on April 7, 2015. (Rec. Doc. 26)

### PARTIES' ARGUMENTS

Defendant argues that the Court should grant its motion for summary judgment, because Plaintiff cannot prove her breach of contract claim. (Rec. Doc. 21-1) To make out a breach of

---

[2] The deadline for Plaintiff's opposition was March 31, 2015. Because Defendant has not contested the untimely filing of the opposition, however, the Court will consider it in its analysis of Defendant's motion.

3

contract claim under Louisiana law, Defendant asserts that Plaintiff must prove (1) the existence of a contract, (2) breach, and (3) damages. Id. at 6 (citing LA. CIV. CODE art. 1994). Defendant first stresses that Plaintiff lacks any proof that it breached the note and mortgage. Id. at 6-8. Although Plaintiff argues that Defendant failed to properly account for all of her payments on the loan, Plaintiff could not actually identify any such unaccounted-for payments during her deposition. Id. at 6-7. Moreover, Plaintiff has shown neither how this alleged error would breach the agreements nor any resulting damages. Id. at 7. Additionally, Defendant did not breach the agreement by refusing to accept payments that Plaintiff admits were not made in accordance with the terms of the original mortgage or note. Id. To find otherwise would effectively allow Plaintiff to persist with the dismissed claims based on the alleged loan modification. Id. at 7-8. Next, Defendant argues that, even if Plaintiff could prove breach, she would not be entitled to any of the nonpecuniary damages she seeks, such as an adjustment of her loan balance or damages for "personal stress." Id. at 8-9.

  Plaintiff argues that a dispute of material fact precludes summary judgment on her remaining breach of contract claim. (Rec. Doc. 24) Plaintiff insists that Defendant breached the original mortgage or note by failing to properly account for all

4

payments on the loan. Id. at 2. Plaintiff protests Defendant's failure to produce any "evidence that its accounting is proper." Id. Further, Plaintiff asserts that the documents Defendant has produced show that Defendant has not properly accounted for Plaintiff's payments. Id. First, Plaintiff includes two documents reflecting two different principal amounts due. Id.; (Rec. Docs. 24-1, 24-2). In the Annual Tax and Interest Statement that Defendant sent to Plaintiff, Defendant represented that the principal amount due at the close of 2012 was $155,758.13. (Rec. Doc. 24-1) In the proof of claim that Defendant filed in Plaintiff's husband's bankruptcy proceeding on May 16, 2013, however, Defendant represented that the principal amount due was $172,788.40. (Rec. Doc. 24-2; Rec. Doc. 24-5, pp. 1-2) Second, Plaintiff includes a document showing that Defendant applied $5,288.90 to Plaintiff's escrow account in April 2013, which contradicts Defendant's aforementioned proof of claim in which Defendant asserted that Plaintiff made no payments on the loan from February 1, 2012, through April 2013. (Rec. Doc. 24, pp. 2-3; Rec. Doc. 24-3, p. 2) Plaintiff argues that these inconsistencies constitute breach of the original note and mortgage agreement.

In reply, Defendant generally argues that Plaintiff has failed to identify any genuine factual dispute. (Rec. Doc. 26) First, Defendant indicates that Plaintiff failed to oppose its

5

argument that (1) it did not breach the contract by refusing to accept mortgage payments as Plaintiff alleges, and (2) Plaintiff is not entitled to nonpecuniary damages. Id. at 1. Accordingly, Defendant argues that the Court should grant its motion as to these issues "outright." Id. Next, Defendant refutes Plaintiff's contention that a genuine issue of material fact precludes summary judgment on her breach of contract claim arising from a failure to account. Id. at 2-3. Defendant stresses that, although Plaintiff seems to argue that Defendant failed to account for a $5,288.90 payment in April 2013, Plaintiff has not actually claimed that she made that payment. Id. at 2. Plaintiff merely asks the Court to deduce as much from the fact that $5,288.90 was deposited into the escrow account. Id. Defendant argues that such a conclusory allegation, unsupported by actual evidence that Plaintiff made the payment, is insufficient to raise a genuine issue of fact. Id. at 3.

## LEGAL STANDARD

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56(c)); Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994). When assessing whether a dispute as to any

material fact exists, the Court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence." Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co., 530 F.3d 395, 398 (5th Cir. 2008). All reasonable inferences are drawn in favor of the nonmoving party, but a party cannot defeat summary judgment with conclusory allegations or unsubstantiated assertions. Little, 37 F.3d at 1075. A court ultimately must be satisfied that "a reasonable jury could not return a verdict for the nonmoving party." Delta, 530 F.3d at 399.

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'" Int'l Shortstop, Inc. v. Rally's, Inc., 939 F.2d 1257, 1263-64 (5th Cir. 1991) (citation omitted). The nonmoving party can then defeat the motion by either countering with sufficient evidence of its own, or "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." Id. at 1265.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential

7

element of the nonmoving party's claim. See Celotex, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. See id. at 324. The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue for trial. See, e.g., id. at 325; Little, 37 F.3d at 1075.

## DISCUSSION

Plaintiff, the nonmovant, has the burden in this case of proving each element of her breach of contract claim. See Waguespack v. Flateau, 101 So. 725, 726 (La. 1924). Clearly, this burden requires Plaintiff to show that Defendant actually breached an agreement. See id. Defendant has indicated that the evidence in the record is insufficient as to this issue. (Rec. Docs. 21-1, 26) The Court agrees, and the Court further finds that Plaintiff has failed to raise a genuine issue of fact in response. Plaintiff did not oppose Defendant's arguments regarding rejected payments and nonpecuniary damages. Additionally, Plaintiff presented no more than legal conclusions or a "scintilla" of evidence in response to Defendant's failure to account argument. First, the Court rejects Plaintiff's assertions that inconsistencies between the Annual Tax and Interest Statement that Defendant sent to Plaintiff at the close of 2012 and the proof of claim that Defendant filed in

8

Plaintiff's husband's bankruptcy proceeding on May 16, 2013, somehow raises an issue of fact here. See (Rec. Doc. 24, p. 2). It is clear that the former document reflects only the outstanding principal balance, whereas the latter reflects the principal balance *and* interest, the escrow advance balance, fees, late charges, etc. See (Rec. Doc. 24-2, p. 7). Second, the April 2013 $5,288.90 escrow payment does not show or otherwise raise an issue of fact with regard to a failure to account. See (Rec. Doc. 24, pp. 2-3; Rec. Doc. 24-3, p. 2). Plaintiff has not actually shown that she made the payment and, therefore, that Defendant's omission of the payment from its proof of claim evinces a failure to account. Instead, Plaintiff makes legal conclusions and presents only a "scintilla" of evidence—the fact of the $5,288.90 escrow payment—which is insufficient to overcome Defendant's motion. See Little, 37 F.3d at 1075.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's *Motion for Summary Judgment* **(Rec. Doc. 21)** is **GRANTED**.

New Orleans, Louisiana this 14th day of April, 2015.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE

9